## STATE of Texas, Appellant, v. MUTUAL PROTECTIVE ASSOCIATION OF TEXAS et al., Appellees.

### No. 7715.

Court of Civil Appeals of Texas. Austin.

April 20, 1932.

■

James V. Allred, Atty. Gen., and Everett L. Looney, Asst. Atty. Gen., for the State.

G. R. Lipscomb, of Fort Worth, W. J. Rutledge, Jr., of Dallas, and Weeks & Hankerson, of Tyler, for appellees.

McCLENDON, C. J.

This cause is companion to No. 7720, State v. Texas Mutual Life Insurance Company of Texas (Tex. Civ. App.) 51 S.W.(2d) 405, this day decided. Appellee was chartered April 9, 1906, the certificates issued by it are in denominations of $500, $1,000, and $1,100, and the dues and assessments are different in amounts from those in cause No. 7720. In other respects the record showing does not differ in any material element from that in cause No. 7720. The opinion in that cause is referred to as controlling the issues involved in the instant appeal, and upon the authority of its holdings, the trial court's judgment is reversed and the cause remanded.

Reversed and remanded.

■

## STATE of Texas, Appellant, v. NATIONAL MUTUAL BENEFIT ASSOCIATION et al., Appellees.

### No. 7721.

Court of Civil Appeals of Texas. Austin.

April 20, 1932.

■

James V. Allred, Atty. Gen., and Everett L. Looney, Asst. Atty. Gen., for the State.

Simmons & Arnold, of Houston, for appellees.

McCLENDON, C. J.

This cause is companion to No. 7720, State v. Texas Mutual Life Insurance Company of

Texas et al. (Tex. Civ. App.) 51 S.W.(2d) 405, this day decided. Appellee association was chartered September 1, 1905, and the certificates issued by it are in only one denomination, $5,000. Each certificate holder is required to pay annually $5.50 for operating expenses, and $5.50 "for a contingent allotment fund." Additionally, $1 of each death, old-age, and permanent disability assessment may be used for operating expenses. Attached to the agreed statement of facts is the certificate of a certified public accountant to an audit covering the period "1, 1930 to September 30, 1930." This audit, however, is limited to receipts and disbursements "on account of the Death Assessment Fund." It shows total receipts $143,077.15, deductions for expenses "as per policy conditions" $12,030.95, "Legal and other Expenses, etc., on Death Claims" $2,180.50, death claims paid $132,755.82; thus leaving a deficit (disbursements over receipts) of $3,890.12. It is manifest that this audit only shows the total amount of expenses collected from this one source of income (death assessments) during this brief period. There is no showing as to what these "Expenses" consisted in, nor is there any showing as to how the large sums collected from other above-named sources were disbursed. Except as above stated, there is no essential difference between the record in this cause and that in cause No. 7720, and the holdings in our opinion in that cause are controlling here.

The trial court's judgment is reversed, and the cause remanded.

Reversed and remanded.